**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RICARDO MOLINA,           )
                                )
                  Petitioner    )
                                )     Civil Action No. 10-294E
      vs.                      )
                                )     Magistrate Judge Maureen P. Kelly
ARCHIE B. LONGLEY, Warden,   )
                                )
                  Respondent   )

### MEMORANDUM OPINION

      Ricardo Molina ("Petitioner"), a federal prisoner, has filed a Petition for Writ of Habeas
Corpus or Mandamus pursuant to 28 U.S.C. § 2241 (the "Petition").   By means of the Petition,
he seeks to challenge action by the Bureau of Prisons ("BOP") in changing his status from
earning 54 days of Good Conduct Time ("GCT") credit per year of sentence served and relegating
him to a status whereby he may only earn 42 days of GCT credit per year of his sentence served,
ECF No. 1.   The BOP took this action because Petitioner withdrew from a voluntary General
Educational Development ("GED") program in which participation is required as a condition to
being able to earn the 54 days of GCT.   Because Petitioner has not demonstrated that any statute,
regulation or BOP Policy Statement requires that he be granted 54 days of GCT per year and
because he has not demonstrated that the BOP policy, requiring that he participate in the GED
program as a condition to earning 54 days of GCT, violates any federal law, the Petition should
be denied.

## I.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

      The following facts are taken mostly from the Respondent's Response to Petition for Writ
of Habeas Corpus (the "Answer"), ECF No. 13.   On March 7, 2002, Petitioner was sentenced by

the United States District Court for the Eastern District of New York to a term of imprisonment

of 156 months, for criminal offense conduct that concluded in October 2000 (Conspiracy to

Commit Assault in Furtherance of Racketeering Activity, and Accessory After the Fact to an

Assault with a Dangerous weapon, in violation of 18 U.S.C. §§ 1959(a)(6) and 1959(a)(3)).

On September 8, 2002, Petitioner enrolled in the Spanish GED class at the Federal

Correctional Institution ("FCI"), Three Rivers, Texas.   On March 26, 2003, Petitioner was given

the Educational Assignment of GED SATISFACTORY upon completion of 240 hours in the

Spanish GED program. See BOP Program Statement 5350.28, Literacy Program (GED

Standard), ECF No. 13-2 at 2 to 22.   Petitioner remained in the Spanish GED program after

attaining 240 educational credit hours.

On January 6, 2004, Petitioner was transferred to the low security Federal Correctional

Institution in Allenwood, Pennsylvania ("FCI Allenwood").   On March 1, 2004, he was placed

in the GED program at FCI Allenwood.   On March 2, 2004, Petitioner voluntarily withdrew

from the GED class at FCI Allenwood.   Prior to withdrawing from the class, he advised

education staff of his intent to withdraw.   Education staff counseled him on the consequences of

withdrawing from the class prior to earning a GED certificate and encouraged him to remain in

the GED/Literacy program. Petitioner was specifically counseled that among the consequences of

withdrawal was the status change from "GED SAT" (i.e., GED satisfactory) to "GED UNSAT"

(i.e., GED unsatisfactory).   As an inmate in GED UNSAT status, he would be eligible to receive

a maximum of 42 days GCT per year served, as opposed to 54 days GCT that inmates in GED

SAT status could earn.   After he was counseled by staff, he signed a GED Program

Withdrawal/Refusal form, reflecting that he had voluntarily withdrawn from the classes and

understood his withdrawal from classes would result in a status change from GED SAT to GED

UNSAT status and a reduction in the amount of GCT he would be eligible to earn.   ECF No.

13-5 at 5.   Petitioner has been in GED Unsatisfactory status since March 2, 2004. He will remain

in GED Unsatisfactory status until he re-enrolls in Literacy and/or GED classes and completes an

additional 240 credit hours.

    In September 2005, Petitioner was transferred to his current prison, the Federal

Correctional Institution at McKean ("FCI McKean"), which is located within this judicial

district. ECF No. 13-3 at 6.   To date, Petitioner has not been subjected to disciplinary action due

to his refusal to participate in the GED/Literacy classes.   In addition, since his March 2, 2004

withdrawal from the GED class, he has not enrolled in any other Literacy Program class.   He

also has not passed the GED examination, and he has not provided FCI McKean with verifiable

proof that he earned a high school diploma.[1]

    After exhausting his administrative remedies in the BOP, Petitioner filed the Petition.[2]

ECF No. 5.   The Respondent filed his Response.   ECF No. 13.   Petitioner also filed a Traverse.

ECF No. 15.   Petitioner then filed a Motion for Writ of Mandamus ("Mandamus Petition") and

---

[1] Under 28 C.F.R. § 523.20, there are three ways Petitioner may earn GCT at a rate of 54 days per year: (1) by earning or verifying that he earned a GED credential or a high school diploma; (2) by making substantial progress in a literacy program; or (3) by the issuance of a final order of deportation or removal.

[2]   Section 2241 is the proper jurisdictional vehicle by which federal prisoners may challenge the "execution" (as opposed to the imposition) of their federal sentence and "execution" in this context includes the calculation and award of GCT.   Fernandez v. Nash, No. 04-4112 , 2006 WL 1966647, at * 3 (D.N.J. July 11, 2006)(court entertained Section 2241 petition to resolve GCT issue and stated "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence.")(quoting Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001)).

Motion to Take Judicial Notice.   ECF Nos. 16 and 17.   The Court ordered Respondent to file a response to the Motions. Respondent filed a Response.   ECF No. 18.   The Court entered an order denying both.   ECF No. 19.   Both parties have consented to have the Magistrate Judge exercise plenary jurisdiction.   ECF Nos. 7, 9.   The case was subsequently transferred to the undersigned.   ECF No. 14.

## II.  DISCUSSION

### A.      BOP HAS TWO GED PROGRAMS.

As explained by several courts and the Respondent in the Answer and the Response to Petitioner's Mandamus Motion and Motion to Take Judicial Notice, the BOP has, in effect, two GED programs, one mandatory and the other non-mandatory.

The mandatory GED program is based upon 18 U.S.C. § 3624(f) and 28 C.F.R. § 544.70. This mandatory GED program requires all prisoners who are not functionally literate to be enrolled in a literacy program.   Furthermore, the BOP requires, by a regulation relative to the mandatory program, that all participants attend 240 instructional hours of literacy training or attend such instruction until a GED is obtained, whichever comes first.   28 C.F.R. § 544.70. Sentenced deportable aliens, such as Petitioner, are exempt from this mandatory program.   28 C.F.R. § 544.71(a)(3).   For all those who are not exempt from this mandatory program, failure to participate in it and complete it may subject the refusing prisoner to disciplinary sanctions.   28 C.F.R. § 544.71.

There is also a second GED program that is not mandatory but voluntary and that provides an incentive to participate.   This non-mandatory incentive program is found in 18 U.S.C. § 3624(b)(1) and essentially provides that all inmates serving longer than a one year

sentence (other than a life sentence) may receive up to 54 days of GCT if they are making

satisfactory progress toward earning a high school diploma or its equivalency.    The BOP also

instituted regulations to implement this non-mandatory program. See, e.g., 28 C.F.R. § 523.20(c)

(awarding up to 54 days of GCT to those participating in the voluntary program and who are

making satisfactory progress toward earning a high school diploma or its equivalency but

awarding only up to 42 days of GCT to those not making such satisfactory progress).[3]

---

[3]    28 C.F.R. § 523.20 provides in relevant part as follows:

§ 523.20 Good conduct time.

(c) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award

(1) 54 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma; or

(2) 42 days credit for each year served (prorated when the time served by the inmate for the sentence during the year is less than a full year) if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

(d) Notwithstanding the requirements of paragraphs (b) and (c) of this section, an alien who is subject to a final order of removal, deportation, or exclusion is eligible for, but is not required to, participate in a literacy program, or to be making satisfactory progress toward earning a General Educational Development (GED) credential, to be eligible for a yearly award of good conduct time.

(e) The amount of good conduct time awarded for the year is also subject to disciplinary disallowance (see tables 3 through 6 in § 541.13 of this chapter).

Petitioner does not deny that he is serving a sentence for a crime committed after April 26, 1996, thus making subsections (c)(1) and (2) applicable herein.   As will be more fully explained below, although Petitioner is an alien, he was not yet, as of the time of the filing of the Answer in

(footnote continued. . .)

One court has summarized the foregoing as follows:

> Title 18, Section 3624(f), of the United States Code directs the BOP to determine a mandatory period of time that each eligible inmate is *required* to attend the Literacy Program. Then, § 3624(f) directs the BOP to implement "appropriate incentives which lead to successful completion of such programs." 18 U.S.C. § 3624(f)(2). Accordingly, the BOP has determined that eligible inmates must attend the program for 240 hours, or be subject to disciplinary sanctions. If the inmate does not achieve his GED within the 240 hours, the BOP offers good time credits to encourage further participation.
>
> Once the inmate has reached 240 hours, the BOP offers additional incentives to encourage completion of the course under 28 C.F.R. § 523.20(c)(1), which awards 54 days of GCT credit if the inmate "has earned or is making satisfactory progress toward earning a GED credential." See also 18 U.S.C. § 3624(b)(1) (providing that "[i]n awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree."). If the inmate chooses not to pursue a GED beyond the mandatory 240 hours, 28 C.F.R. § 523.20(c)(2) provides that the BOP shall award only 42 days GCT credit.
>
> It is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours. However, it is also clear the BOP can withhold GCT credits if the inmate refuses to continue to participate in the program. While it is clear that an inmate cannot be subject to disciplinary sanctions if he refuses to participate beyond the mandatory 240 hours, it is also clear the BOP can withhold GCT credits if he refuses to continue to participate in the program.

Couch v. Patton, No. 08-CV-9, 2008 WL 489329, at *2 - *3 (E.D. Ky. Feb. 20, 2008).

As an aid to its staff in implementing 28 C.F.R. § 523.20, the BOP also issued BOP

Program Statement 5884.03 ("PS 5884.03"), ECF No. 13-1 at 16 to 19.   Based upon 28 C.F.R. §

523.20, and PS 5884.03, the BOP changed Petitioner's status from that of earning 54 GCT credits

---

this case, "subject to a final order of removal, deportation or exclusion" and hence, subsection (d) is not applicable herein.   See ECF No. 18 at 9 ("as of December 29, 2011, no final order of removal, deportation or exclusion had been issued against him"). Accordingly, because Petitioner was not subject to a final order of deportation, he was required to be making satisfactory progress toward earning a GED if he wanted to earn 54 days of GCT per year in the non-mandatory GED program.

per year to only earning 42 GCT credits per year.   Section 523.20 and PS 5884.03, in effect,

mandate that a prisoner, such as Petitioner, who wishes to earn up to 54 GCT credits per year,

satisfactorily participate in a GED program.   Because Petitioner withdrew from the GED

program, and, consequently, could not be deemed to be "making satisfactory progress toward

earning, a high school diploma or an equivalent degree," BOP changed Petitioner's status from

GED satisfactory to GED unsatisfactory with the consequence that he went from being eligible to

earn 54 days of GCT per year, to being eligible to earn, at most, only 42 days of GCT per year.

Petitioner challenges this action.

### B.   PETITIONER WAS NOT DENIED DUE PROCESS.

With this background, we turn to Petitioner's arguments.   It is not entirely clear what

Petitioner is arguing.   In the Petition, he complains that there was a violation his due process

rights when he "discovered that, starting in 2004, that [sic] I was only given 42 days year for not

participating in a GED course.   I was never given an incident report, nor was there a hearing by a

disciplinary hearing officer, showing what I had done wrong to have these 12 days taken from me

till present. . . ."   ECF No. 5 at 5, ¶ 14(a).

To the extent that Petitioner alleges he was entitled to procedural due process, i.e., notice

and an opportunity to be heard,[4] prior to the BOP changing his status, he is simply incorrect as a

matter of law. Conducting a procedural due process analysis involves a two-step inquiry: the first

---

[4] Rusnak v. Williams, 44 F. App'x 555, 558 (3d Cir. 2002) ("Procedural due process claims, to
be valid, must allege state sponsored- deprivation of a protected interest in life, liberty or
property. If such an interest has been or will be deprived, procedural due process requires that the
governmental unit provide the individual with notice and a reasonable opportunity to be
heard.")(citation omitted).

question to be asked is whether the complaining party has a protected liberty or property interest within the contemplation of the Due Process clause and, if so, the second question to be asked is whether the process afforded the complaining party comported with constitutional requirements. Shoats v. Horn, 213 F.3d 140, 143 (3d Cir. 2000).

Because Petitioner does not possess a liberty interest in the status of being able to earn 54 days of GCT per year, the relegation of him to a status of merely earning 42 days of GCT per year does not deprive him of any liberty interest.   See, e.g., Burrell v. Gunja, No. CIV.A. AMD-00-3686, 2001 WL 34713499, at *3 - *4 (D. Md. June 8, 2001) (holding that there is no liberty interest in GCT for prisoners subject to the PLRA since their GCT does not vest until an inmate is released pursuant to 18 U.S.C. § 3624(b)), aff'd, 22 F. App'x 225 (4th Cir. 2001).

In the alternative, even if Petitioner did possess a liberty interest in maintaining the status of earning 54 days of GCT per year, he was given all of the procedural due process he was entitled to. Namely, the statutes and regulations cited above provided him notice as did the fact that when he expressed his intention to withdraw from the GED program, the education staff informed him of the negative affect such would have on his GCT earning status if he followed through with his intentions.   ECF No. 13-5 at 5. In addition, he was provided an opportunity to be heard via the BOP administrative remedy process.   See, e.g., Holman v. Cruz, Civ. No.

08-647, 2008 WL 5244580 (D.Minn. Dec. 15, 2008).[5]   Accordingly, Petitioner's procedural due process rights were not violated.

### C.   IF PETITIONER WANTED 54 DAYS OF GCT, HE HAD TO PARTICIPATE IN THE NON-MANDATORY GED PROGRAM

In his Traverse, Petitioner changes tacks and argues not that his due process rights were violated but that as a deportable alien, he is exempt from the requirement to participate in the GED program, apparently meaning thereby the non-mandatory GED program.   Petitioner invokes 28 C.F.R. § 523.20 as support that he is not required to participate in the GED program in order to have the status of earning 54 days of GCT per year of sentence.   Petitioner argues that he is an "alien who is subject to a final order of removal, deportation, or exclusion" within the meaning of Section 523.20.   Petitioner claims that he "just recently was interviewed by Immigration and is subject to a final order of removal, deportation, or exclusion after his sentence is complete" (hereinafter, "final order of deportation").   ECF No. 15 at 2.   This is the

---

[5]   The Holman Court explained as follows:

> When Petitioner requested to withdraw from the GED program on December 5, 2006, after having completed 651 hours of the program, he was advised that his decision to withdraw from the program would have a negative impact on the amount of GCT he was able to earn from that point forward. (Norenberg Decl. ¶ 9.)   Therefore, Petitioner was provided notice.
>
>      In addition to notice, Petitioner was given an opportunity to contest his claim that he should be entitled to 54 days GCT credit even though he withdrew from the literacy program. The BOP gave him a chance to present his arguments at each of the three stages of the BOP's administrative remedy process with the institution, region, and central offices. (Norenberg Decl. ¶ 10, Attach. G.) Petitioner's arguments were received, considered and addressed on the merits. Therefore, the BOP's administrative remedy process provided adequate due process to Petitioner.

Holman, 2008 WL 5244580, at *4 (footnote deleted).

same argument Petitioner makes in his Motion to Take Judicial Notice of Adjudicative Facts.

ECF No. 17 at 2 ("As of the date Molina submitted his Response, he received a Notice to Appear

from Homeland Security, dated August 29, 2011.").[6]

There are several difficulties with this argument.   First and foremost is that Petitioner

failed to exhaust his administrative remedies, as is required by law, with respect to this particular

claim, i.e., he is an alien subject to a final order of deportation.   ECF No. 18 at 3 to5.   Callwood

v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (claims brought by federal prisoners under Section

2241 are required to exhaust the BOP's administrative remedies prior to filing the habeas petition

in federal court). Indeed, Petitioner could not have exhausted his administrative remedies

concerning this particular claim prior to filing the Petition because he filed the Petition,

December 15, 2010, and he was not interviewed by immigration authorities until, at the earliest,

July 2011.

The second problem is that Petitioner fails to say precisely when he was actually

interviewed by immigration authorities and/or appeared before them, but, given that the interview

presumably occurs prior to the issuance of a final order of deportation, the fact that the BOP

relegated Petitioner to a status of earning only 42 days of GCT in 2004, and he was not

---

[6]   Petitioner's representations in his Traverse and in his Motion to Take Judicial Notice are not
clear.   In the Traverse (which is possibly what Petitioner is referring to as the "Response" in the
quoted sentence accompanying this footnote), filed on July 27, 2011, Petitioner states that he
"just was recently interviewed" by immigration authorities.   In his Motion To Take Judicial
Notice, Petitioner asserts that he received a Notice to Appear dated August 29, 2011.   It simply
is not clear whether Petitioner is referencing two different occasions or not.   In any event, it is
clear that such events did not occur until, at the earliest, roughly July 2011, long after 2004, the
year that BOP changed Petitioner's status to earning only 42 days of GCT per year and also after
Petitioner filed the instant Petition.

interviewed by immigration authorities until sometime apparently in 2011, Petitioner fails to

show that at the time of the filing of the habeas petition in 2010, the BOP was wrongfully

denying him the 54 days of GCT earning status in the meantime.

The third difficulty is that the relevant inquiry under Section 523.20(d) is whether

Petitioner is subject to a final order of deportation.   Petitioner did not represent to this Court that

he was actually subject to a final order of deportation but, rather, he was merely interviewed or

was ordered to appear.   Neither did Petitioner contend before the BOP that he was subject to a

final order of deportation or otherwise provide evidence to the BOP of the existence of such a

final order of deportation.   ECF No. 18 at 9 ("as of December 29, 2011, no final order of

removal, deportation or exclusion has been issued against him").   Accordingly, Petitioner has

not carried his burden to show entitlement to relief.   Riggs v. Federal Bureau of Prisons, No.

5:06-cv-00687, 2007 WL 1655240, at *3 (S.D.W.Va. June 6, 2007) ("The petitioner carries the

burden of proving he is entitled to habeas corpus relief under 28 U.S.C. § 2241."), *appeal*

*dismissed as moot*, 257 F. App'x 636 (4th Cir. 2007).   See also De La Cruz v. Sixkefoose, 450 F.

App'x 123 (3d Cir. 2011);   Riascos v. Sanders, NO. 2:05CV00260, 2007 WL 1185713, at *2

(E.D. Ark. April 19, 2007); Couch v. Patton, 2008 WL 489329 at *3;   Fernandez v. Nash, NO.

04-4112, 2006 WL 1966647, at * 4 (D.N.J. July 11, 2006) ("the BOP acted within its discretion

to deny the highest level of good time credits to Petitioner, who, having voluntarily withdrawn

from the GED Program, was not 'during the relevant period' earning or making satisfactory

progress toward a GED credential or high school diploma within the language of § 3624(b).").

This case is remarkably similar to the case of De La Cruz, wherein a federal prisoner

who, like Petitioner herein was a deportable alien and who also like Petitioner, had completed

11

over 240 hours in the GED program, and who, like Petitioner, voluntarily withdrew from the

GED program.   Consequently, just like Petitioner, the federal prisoner in <u>De La Cruz</u>, was

placed in GED unsatisfactory status.   The federal prisoner therein filed a Section 2241 petition,

challenging the BOP's actions in relegating him to a status whereby he could only earn 42 hours

of GCT rather than the 54 hours GCT. The same arguments Petitioner makes herein were made

by the federal prisoner in <u>De La Cruz</u>, and were rejected by the United States Court of Appeals

for the Third Circuit.

     More specifically, the <u>De La Cruz</u> Court held as follows:

     De La Cruz argues that he should have been awarded 54 days of good time credit because he had completed over 240 instructional hours and because, as a sentenced deportable alien,FN2 he was not subject to the good time credit restrictions in § 523.20(c)(2). We disagree. Completing 240 hours in § 3624(f)'s literacy program merely prevented the BOP from disciplining De Le Cruz when he decided to withdraw from the program. See 28 C.F.R. § 544.73(c) (stating that "[a]t the end of 240 instructional hours ... the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken."). In addition, while sentenced deportable aliens are not required to participate in the literacy program, they are required to make "satisfactory progress" under § 3624(b) to earn 54 days of good credit time. This point is made by a BOP Program Statement:

     Although sentenced deportable aliens are exempt from attending the literacy program for the mandated 240 instructional hours, they are still subject to the satisfactory progress literacy provision of [§ 3624(b)(1) ].... [To] be eligible for the maximum amount of [good conduct time], deportable aliens without a verified high school diploma or GED ... must meet the satisfactory progress provision of [§ 3624(b)(1) ].

BOP Program Statement 5350.28 § 9(d); *see also Reyes–Morales*, 766 F.Supp.2d at 1357.

------------------------------------
FN2. A "sentenced deportable alien" is defined as an inmate who is either
    (1) "assigned a Public Safety Factor 'H' status of 'Alien' " or (2)
    "under a final [BICE] order of deportation, exclusion, or removal."

Program Statement 5350.28 § 9(c). As noted below, De La Cruz has
not alleged that he was subject to a final order of removal. In
addition, it is not clear whether he was classified by the BOP under
category (1) prior to obtaining his certificate of citizenship. See
Respondent's Answer to § 2241 Petition, 14 (noting that De La
Cruz's status as a "sentenced deportable alien" is a "fact not
established on the current record"). Even assuming that De La Cruz
was a "sentenced deportable alien," however, he would not be
entitled to relief, as we explain below.

-----------------------------------------

The "satisfactory progress" requirement, however, does not apply to
inmates/aliens who are subject to a "final order of removal, deportation, or
exclusion." § 523.20(d); see also Program Statement 5884.03 § 2 ("This Program
Statement has been revised, based on 28 C.F.R 523.20, to exempt aliens subject to
a final order of removal, deportation, or exclusion from the "satisfactory progress
in a literacy program" provision of the PLRA."). Although De La Cruz cited this
provision in his § 2241 petition, he does not allege that he was subject to a final
order of removal. Accordingly, because it is undisputed that De La Cruz was not
subject to a final removal order, the BOP permissibly reduced his earned good
conduct time from 54 to 42 days during 2007 and 2008.

<u>De La Cruz</u>, 450 F. App'x at 126.   We see no legally significant difference between Petitioner's

situation and that of the federal prisoner in <u>De La Cruz</u>.   Hence, we see no reason why the

outcome there should not control the outcome here, with the result being that the Petition should

be denied.   Although Petitioner, as a deportable alien, is exempt from the mandatory program

requirement that he attend the literacy classes and although he accumulated more than the 240

hours in the literacy program, these facts are immaterial, because it is undisputed that Petitioner

has withdrawn from the non-mandatory GED program and consequently, he is no longer deemed

to be making satisfactory progress, thus justifying his status change from GED SAT to GED

UNSAT, with the result that he cannot earn the maximum 54 days of credit.

Because Petitioner has failed to show that he is entitled to earn 54 GCT credits where he

has withdrawn from the non-mandatory GED program even though BOP requires enrollment as a

condition for earning the maximum amount of credits, Petitioner has failed to carry his burden to

prove entitlement to relief.   Nor has he shown that his procedural due process rights were

violated by the BOP in changing his GCT earning status.   Hence, this Section 2241 petition must

be denied.[7]


                              BY THE COURT,

                              /s/ Maureen P. Kelly
                              MAUREEN P. KELLY
                              U.S. MAGISTRATE JUDGE


Dated:   July 6, 2012

cc:      RICARDO MOLINA
         59627-053
         FCI MCKEAN
         PO BOX 8000
         BRADFORD, PA 16701

         All counsel of record via ECF

---

[7]   As Petitioner's present detention does not arise out of process issued by a State court nor is
this proceeding pursuant to 28 U.S.C. § 2255, it would not appear that Petitioner needs to obtain
a certificate of appealability ("COA") in order to appeal the denial of this Petition. See, e.g.,
United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), *abrogated on other grounds by*,
Gonzalez v. Thaler, 132 S.Ct. 641 (2012).   See also Moran v. Sondalle, 218 F.3d 647 (7th Cir.
2000) (COA not required in a Section 2241 case involving federal prisoner);   Jeffers v.
Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Montez v. McKinna, 208 F.3d 862, 867 (10th Cir.
2000).